JOHN McGAVISK, COLLECTOR OF TAXES OF HOBOKEN, PLAINTIFF IN ERROR, v. THE STATE, MORRIS AND ESSEX RAILROAD COMPANY, PROSECUTORS, DEFEND-ANTS IN ERROR.

1. The Morris and Essex Railroad Company, in 1865, were taxable under the supplement to their charter, approved March 23d, 1865, and not under the general tax law of 1862.
2. This supplement to the charter repealed the general tax law, *pro tanto*, and fixed the only form of assessment for taxes that could be made against the company.
3. Where a later special law is positively repugnant to the former general law, and not merely affirmative, cumulative, or auxiliary, it defeats the older law by implication, *pro tanto*, to the extent of such repugnancy.
4. Where there are express terms of exemption from all other tax, although the prescribed method of taxation is future and contingent in effect, yet no tax can be claimed until the condition upon which the special tax becomes payable is fulfilled.

Error to Supreme Court.

The case was argued by—

*J. C. Besson,* for plaintiffs

*Parker & Keasbey,* for defendants.

SCUDDER, J. The errors assigned in this case present three special causes for reversing the judgment of the Supreme Court.

*First.* That the Morris and Essex Railroad Company were liable to be assessed for taxes, in the year 1865, in the First ward of the city of Hoboken, for their depot and grounds situate in said city, the sum of $4,061.25.

*Second.* That the said company are not exempt from said taxation by the third section of an act entitled " A further supplement to the act entitled ' An act to incorporate the Morris and Essex Railroad Company,' " passed January 29th, 1835, approved March 23d, 1865.

*Third.* That the said road was not opened and in use to Phillipsburg at the time said tax was assessed against said company.

The legality of this tax depends upon the construction of the supplement to the company's charter, referred to in the second cause assigned for reversal.

By the third section it is enacted "that the tax of one-half of one per cent. provided by their said original act of incorporation, to be paid by the said company to the state, whenever the net earnings of the said company amount to seven per cent. upon the cost of the road, shall be paid at the expiration of one year from the time when the road of the said company shall be open and in use to Phillipsburg, and annually thereafter, which tax shall be in lieu and satisfaction of all other taxation or imposition whatsoever, by or under the authority of this state, or any law thereof; provided, that this section shall not go into effect or be binding upon the said company until the said company, by an instrument duly executed under its corporate seal, and filed in the office of the secretary of state, shall have signified its assent thereto, which assent shall be signified within sixty days after the passage of this act, or this act shall be void."

The act went into effect immediately, and the assent of the company was filed in the office of the secretary of state, April 24th, 1865. This was prior to the assessment of taxes in Hoboken, for the year 1865.

Under what law was the assessment of taxes for that year to be made against the company?

It is contended, on the one side, that the real estate lying in Hoboken was taxable under the general tax law of 1862, which was then in force, and not repealed by this supplement, or, if repealed, such repeal does not affect the operation of the general law, until the expiration of one year from the time when the road shall be opened and used to Phillipsburg.

On the other side it is said, that the tax section of the supplement of 1865 repeals the general law, *pro tanto,* and

fixes the only form of assessment that can be used against the company, and that it is immediate in its effect.

There can be no doubt that under the power to repeal, reserved to the legislature in the original act of incorporation, passed in 1835, and in the supplement of 1836, the special provision for taxation in this charter was repealed by the twenty-first section of the act concerning taxes, passed in 1862, which expressly repeals all acts and parts of acts, whether special or local or otherwise, inconsistent with the provisions of that act.

It was so adjudged in *State* v. *Miller*, 1 *Vroom* 368 ; *S. C.*, 2 *Vroom* 521.

Therefore, while the act of 1862 remained in effect, as the general tax law of the state, (covering the term of assessment,) the company was taxable under it, unless relieved by the terms of this special act of 1865.

It was insisted upon the argument, that there should be express words of repeal in this act to suspend the operation of the general law, and that none such are found therein. But this is not necessary. Where a later special law, local or restricted in its operation, is positively repugnant to the former general law, and not merely affirmative, cumulative, or auxiliary, it repeals the older law by implication, *pro tanto*, to the extent of such repugnancy within the limits to which the later applies. *Wood* v. *United States*, 16 *Peters* 363 ; *State* v. *Clarke*, 1 *Dutcher* 54 ; *State* v. *Kelly*, *November Term*, *Supreme Court*, 1869, (*ante* 75.)

Two methods of taxation for the same general purpose must certainly be repugnant. Both cannot be used without confusion, oppression, and double taxation ; nor can the option to use either be left at the discretion of any public officer. Such extraordinary power could only be conferred by express terms, most clearly stated. No such construction can be given to this law by implication. Either the one law or the other must prescribe the only rule for the assessment of taxes against this company ; and because of the manifest

repugnancy, the later special law must prevail, according to the rule already stated.

But besides this repugnancy on the subject matter of these acts, there are express words of exclusion used in the later law.

It is enacted that the special tax therein provided "shall be in lieu and satisfaction of all other taxation or imposition whatsoever, by or under the authority of this state, or any law thereof."

To give these words effect, there can be no other taxation by a former law, so long as this special provision under this supplement to the charter is in force.

This exemption is a positive enactment excepting the company from all other tax under any existing law, and is equivalent in legal effect, to a repeal of any act inconsistent therewith, by the usual repealing clause found in other statutes.

There remains but one other point for consideration. It was argued that, admitting the supplement of 1865 was intended to repeal the general provisions of the act of 1862, relating to the taxation of private corporations, yet by its terms it does not affect proceedings under the general law, until one year after the time when the road of said company shall be open and in use to Phillipsburg, at which time the tax would commence under the special law; and that it does not appear that at the time this assessment was made, the prescribed time had elapsed.

This limitation of time appears to be very broad, and might be liable to abuse; but with that we have nothing to do in a question of legal construction. It was a proper subject for the consideration of the legislature, and we may suppose they acted upon information which we have not before us. The present enactment, that tax shall be payable at the expiration of one year from the completion of the road is, for the purpose of construction, precisely like the clause in the original charter providing for the payment of tax to the state, whenever the net earnings of the company shall amount to seven per cent. upon the cost of the road.

In both cases the taxation is future and contingent. The construction of the original clause was settled by the Supreme Court in *State* v. *Minton*, 3 *Zab.* 529, and it was rightly held that under the charter, the company was exempted from all other tax, as well before the tax of one-half per cent. was payable as afterwards.

Under this supplement of 1865 it must also be held, that from the time it was approved, no tax could be claimed until the condition upon which the special tax became payable was fulfilled.

Having considered the several reasons assigned for reversal, there is no error found in the judgment of the Supreme Court, in setting aside the assessment against the defendants in error for their depot and grounds, and the said judgment is therefore affirmed.

*For affirmance*—The Chief Justice, Depue, Scudder, Van Syckel, Woodhull, Clement, Ogden, Olden, Wales.    9.

*For reversal*—None.

Cited in *State, M. & E. R. R. Co., pros.,* v. *Haight,* 6 *Vr.* 42; *State, M. & E. R. R. Co., pros.,* v. *Comm'r, &c.,* 8 *Vr.* 229; *S. C.,* 9 *Vr.* 473.